**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VELESA DRAUGHN, | DOCKET NUMBER |
| Appellant, | DC-0752-17-0527-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: December 22, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Velesa Draughn</u>, Hanover, Maryland, pro se.

<u>Kathryn M. Martin</u>, Esquire, <u>Mary Rae Dudley</u>, Fort Eisenhower, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her removal for Failure to Comply with a Management Directed Reassignment (MDR). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the administrative judge's analysis of the appellant's affirmative defenses, we AFFIRM the initial decision.

## BACKGROUND

On July 6, 2016, the agency issued the appellant, a GS-13 Human Resources Specialist with the G1 personnel management division of the U.S. Army Cyber Command (ARCYBER) at Fort Meade, Maryland, notice of an MDR to an identical position at Fort Belvoir, Virginia. Initial Appeal File (IAF), Tab 8 at 56-59, Tab 23 at 4.[2] The agency sought to relocate G1, which is the ARCYBER personnel component, to Fort Belvoir, so G1 could better support ABCYBER command, which was already located at Fort Belvoir. Hearing Transcript, October 31, 2017 (HT-2) at 158, 164-65 (testimony of the appellant's supervisor); IAF, Tab 8 at 62-63. Including the two G1 managers, the agency anticipated moving 10 employees. HT-2 at 158-59 (testimony of the appellant's supervisor); IAF, Tab 8 at 62. Despite its finding that the two locations were less than 50 miles apart, and therefore would not qualify for reimbursement of moving

---

[2] In her prehearing conference summary, the administrative judge listed 24 agreed-upon material facts. IAF, Tab 26 at 1-3. She instructed the parties to make any objection to the content of that summary prior to the start of the hearing, *id.* at 7-8, and the record does not reflect that either party did so. The administrative judge also reiterated the agreed-upon material facts in her initial decision. IAF, Tab 36 at 35-37. The parties have not disputed these facts, and thus we discern no basis to disturb the administrative judge's reliance on them.

expenses, the agency authorized permanent change of station (PCS) benefits to all employees affected by the MDR. IAF, Tab 8 at 56; HT-2 at 85-86 (testimony of a G1 human resources specialist), 185 (testimony of the appellant's supervisor). Ultimately, according to the G1 Primary Staff Officer for Human Resources, who also served as the deciding official in this matter, the agency lost three employees in the move, but retained a total of seven personnel: four military and three civilian. HT-1 at 366, 378-79 (testimony of the deciding official); IAF, Tab 7 at 22.

The appellant made a July 15, 2016 reasonable accommodation request to either remain at Fort Meade or to telework full-time, which the agency denied. IAF, Tab 8 at 42-46, 55. Nevertheless, it subsequently granted her several other accommodations, authorizing house-hunting trip (HHT) benefits and 90 days of temporary quarters allowance (TQSE), along with flexibility in her work schedule to accommodate her use of a medical device.[3] IAF, Tab 7 at 97; HT-2 at 190-91 (testimony of the appellant's supervisor).

The appellant filed an administrative grievance, which the ARCYBER Chief of Staff rejected as untimely, and a November 17, 2016 formal equal employment opportunity (EEO) complaint.[4] IAF, Tab 8 at 40-41, Tab 22 at 29. She submitted a series of doctor's notes extending her absences and took leave protected under the Family and Medical Leave Act of 1993 (FMLA) from September 6 to November 21, 2016. IAF, Tab 8 at 19-21, 24, 28-39; Hearing Transcript, Sept. 13, 2017 (HT-1) at 252 (testimony of the appellant). She then remained on leave without pay (LWOP) until her removal. HT-1 at 262-63 (testimony of the appellant). In March 2017, when she declined the MDR, the agency issued a notice of proposed removal for her failure to comply with it.

---

[3] The appellant's medical condition required the use of a pneumatic compression device on her legs for 60 minutes each morning and evening. IAF, Tab 7 at 97.

[4] In her response to the administrative judge's affirmative defense order, the appellant also asserted that she had filed four other formal EEO complaints, on March 25, 2014, May 22 and September 29, 2015, and May 23, 2016. IAF, Tab 17 at 9, Tab 22 at 29.

IAF, Tab 7 at 86-88, Tab 8 at 4.  After considering the appellant's written reply, the deciding official issued a decision removing her effective April 22, 2017. IAF, Tab 7 at 18-22.  In making her decision, the deciding official observed that the appellant's leave beginning November 22, 2016, after her FMLA entitlement expired, suggested the appellant would not "appear to work."  *Id.* at 22.

The appellant filed a timely appeal of her removal.  IAF, Tab 1.  She challenged the legitimacy of the agency's reasons for the MDR.  IAF, Tab 23 at 5.  She contended that the agency had not given her proper notice and improperly removed her based on her use of approved leave.  *Id.*  She pleaded affirmative defenses of disability discrimination based on a failure to accommodate and retaliation for protected whistleblowing and EEO activity. IAF, Tab 17 at 4-11, Tab 23 at 5.

After holding a hearing, the administrative judge issued a comprehensive initial decision in which she thoroughly recounted the pertinent documentary and testimonial evidence.  IAF, Tab 36, Initial Decision (ID), at 1-37.  She found that the agency proved its charge of failure to comply with an MDR.  ID at 39-43. She was not persuaded by the appellant's argument that the agency's removal was improper because she was on approved LWOP at the time of her removal.  ID at 43-44.  The administrative judge found a nexus between the agency's action and the efficiency of the service and determined that removal was a reasonable penalty.  ID at 44-47.  She denied the appellant's affirmative defenses, finding that the agency offered the appellant a reasonable accommodation and had not removed her on the basis of the absences caused by her disability.  ID at 51.  She found that the appellant failed to establish her claims of whistleblower reprisal or retaliation for protected EEO activity.  ID at 51-57.  The administrative judge also found that the appellant failed to establish her claims of harmful procedural error.  ID at 57-60.  Thus, the administrative judge affirmed the appellant's removal for failure to comply with the MDR.  ID at 60.

In her petition for review, the appellant reiterates three discrete arguments that the administrative judge rejected in her appeal below. Petition for Review (PFR) File, Tab 1. She contends that she cannot be removed for failure to comply with an MDR because the agency's action does not meet the regulatory definition of a reassignment. *Id.* at 9-10. She also argues that she could not be removed while on approved leave. *Id.* at 7-8. Finally, she asserts that the agency improperly considered approved absences in deciding to remove her. *Id.* at 10-11. The agency has filed a response in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency appropriately charged the appellant with failure to comply with an MDR.</u>

In her petition for review, the appellant argues that she cannot be removed for failure to comply with an MDR because the agency's action does not meet the definition of a reassignment found in 5 C.F.R. § 210.102(b)(12). PFR File, Tab 1 at 9-10. She asserts that the regulation defines a reassignment as a change of an employee, while serving continuously within the same agency, from one position to another without promotion or demotion. *Id.* at 9; 5 C.F.R. § 210.102(b)(12). As she observes, the agency changed her duty station but not her position. PFR File, Tab 1 at 9-10; IAF, Tab 24 at 53. On this issue, the administrative judge found no law, rule, or regulation providing that an MDR cannot be deemed both a change in duty station and a reassignment. ID at 38. We agree.

Section 7513(b)(1) of Title 5 provides that an employee must receive advance written notice stating the specific reasons for the proposed adverse action. *Smith v. Department of the Interior*, 112 M.S.P.R. 173, ¶ 5 (2009). The Board will not technically construe the wording or specification of a charge; rather, the information provided by the agency must be sufficiently specific to permit the employee to properly respond. *Id.*; *Aiu v. Department of Justice*, 70 M.S.P.R. 509, 518-19 (1996), *aff'd per curiam*, 98 F.3d 1359 (Fed. Cir. 1996)

(Table). Here, the agency advised the appellant that the reassignment at issue in the charge was her reassignment to Fort Belvoir, and that she was being removed for failing to report to her new duty station. IAF, Tab 7 at 86. We decline to find that the agency could not use the word "reassignment" because it had a different technical definition elsewhere in Federal regulations. The appellant clearly understood, and was able to respond to, the information provided by the agency in the proposed removal. *Id.* at 41-50.

<u>The agency established that the appellant failed to comply with the MDR</u>.

In *Frey v. Department of Labor*, 359 F.3d 1355, 1360 (Fed. Cir. 2004), the U.S. Court of Appeals for the Federal Circuit adopted, "as the law of the circuit," the burden-shifting framework set forth by the Board in *Ketterer v. Department of Agriculture*, 2 M.S.P.R. 294, 298-299 (1980), to adjudicate the charge of failure to accept an MDR. *Cobert v. Miller*, 800 F.3d 1340, 1349 (Fed. Cir. 2015). Under *Ketterer*, the agency has the initial burden of showing that its decision to reassign the employee was a bona fide determination based on legitimate management considerations in the interests of the service. *Ketterer*, 2 M.S.P.R. at 298. Such a showing, along with evidence that the employee had adequate notice of the decision to transfer and refused to accept the reassignment, is ordinarily sufficient to establish the agency's prima facie case. *Id*. at 299. Once the agency makes out a prima facie case, the burden shifts to the appellant to produce rebuttal evidence to demonstrate that the reassignment had no solid or substantial basis in personnel practice or principle, although the ultimate burden of persuasion never shifts from the agency. *See Umshler v. Department of the Interior*, 44 M.S.P.R. 628, 630 (1990); *Ketterer*, 2 M.S.P.R at 299-300.

On review, the appellant does not challenge the administrative judge's finding that the agency proved that she failed to comply with an MDR. ID at 39-43. The appellant also does not challenge the administrative judge's finding that she failed to rebut the agency's prima facie case. ID at 39-43. We discern no basis to disturb the administrative judge's determination that the agency's

decision to reassign the appellant was appropriate. ID at 43. Thus, we agree with her conclusion that the agency established that the appellant failed to comply with the MDR. *See Cobert,* 800 F.3d at 1349-50 (finding that the Board improperly reversed an employee's removal when the agency had reassigned the appellant based on legitimate management considerations and she failed to rebut those reasons).

On review, the appellant reiterates her argument that the agency improperly removed her while on approved leave, such that the agency removed her before the date on which she was required to report to Fort Belvoir. PFR File, Tab 1 at 4, 7-8; IAF, Tab 23 at 5. However, when an employee refuses a directed reassignment, an agency is not required to use a leave-related charge. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶¶ 5, 13, 15 (2014) (finding that, if an employee does not report to her new duty station, an agency may charge her with refusal to accept a directed reassignment, absence without leave, failure to follow instructions, or if appropriate, failure to fulfill a condition of employment). Observing the appellant's concurrence that the agency's action here was not based on a charge of excessive absences, the administrative judge determined that whether the appellant was on approved leave at the time of her removal was of no relevance. ID at 44. We agree. Although it could have done so, the agency did not charge the appellant with excessive absences, and we find that the appellant's leave status is not relevant to the issue in this appeal, i.e., whether she failed to comply with an MDR. IAF, Tab 7 at 86-88; *see, e.g.*, *Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 8 (2007) (finding that an agency is required to prove the charge as it is set forth in the notice of proposed removal, not another offense that might be sustainable on the same facts), *aff'd per curiam*, 301 F. App'x 923 (Fed. Cir. 2008).

The appellant failed to establish her affirmative defenses.

*Disability discrimination based on a failure to accommodate*

The appellant alleged discrimination based on a failure to accommodate her disabilities. IAF, Tab 17 at 4-5. In order to establish disability discrimination based on a failure to accommodate, an employee must show that: (1) she is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) she is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014). The administrative judge found it undisputed that the appellant suffers from a disability, citing her doctor's diagnosis of lymphedema, depression, and anxiety. ID at 48; IAF, Tab 8 at 13-18. Neither party challenges this finding, and we discern no reason to disturb it. The administrative judge also found that the appellant has the requisite skills and experience to perform the duties of her position, ID at 48, but she did not make a specific finding that the appellant is a qualified individual with a disability under 29 C.F.R. § 1630.2(m). Nevertheless, we agree with her finding that the agency offered a reasonable accommodation, which the appellant declined, and thus she did not prove her claim. *Miller*, 121 M.S.P.R. 189, ¶ 21 (2014).

The administrative judge found that the essential functions of the appellant's position required face-to-face interaction, precluding her accommodations of choice, i.e., full-time telework or remaining at Fort Meade, which would defeat the stated purpose of the MDR, to co-locate the G1 human resources component with the customers for whom it provides mission support. ID at 48-49; IAF, Tab 8 at 43-46. Further, an appellant is not entitled to the accommodation of her choice. *Miller*, 121 M.S.P.R. 189, ¶ 21 (2014). An accommodation is reasonable if it "seems reasonable on its face," i.e., if it appears "feasible" or "plausible." *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 12 (2013) (quoting Equal Employment Opportunity

Commission (EEOC) Notice No. 915.002, *Enforcement Guidance: Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act* (2002)). The administrative judge found that the agency offered the appellant a reasonable accommodation that addressed both her medical needs and the agency's operational needs. ID at 51; IAF, Tab 7 at 96-98.

For the following reasons, we agree with the administrative judge that the agency's proposed accommodation met that test. As noted above, the agency offered the appellant HHT and TQSE benefits and also offered to adjust her hours to allow her to use a medical device before the beginning of her duty day. IAF, Tab 7 at 97. These accommodations would have allowed the appellant to find a new home closer to Fort Belvoir and to temporarily live closer to her new duty station while she did so, alleviating the travel distance, which directly addressed her physician's concerns about the lengthy commute to Fort Belvoir. IAF, Tab 7 at 97, Tab 23 at 71. The shortened commute also would have allowed time for her to use her medical device and the agency further offered to adjust her hours for the same purpose. IAF, Tab 7 at 97, Tab 23 at 71.

Because the record therefore reflects that the agency offered the appellant reasonable accommodations that directly addressed her physician's concerns, we agree that she failed to establish her claim of disability discrimination. ID at 51; Tab 23 at 71. Neither party challenges this finding on review, and we discern no reason to revisit the issue.

*Retaliation for protected disclosures*

The appellant also asserted the affirmative defense of retaliation for protected disclosures. IAF, Tab 17 at 6-9. To establish the affirmative defense of reprisal for protected whistleblowing activity, the appellant must show by a preponderance of the evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or participated in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D) and that the disclosure or protected activity was a contributing factor in the agency's personnel action. *Ayers v. Department*

*of the Army*, 123 M.S.P.R. 11, ¶ 12 (2015); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 12-13 (2015). The first of the appellant's disclosures involved the agency's alleged abuse of travel and relocation entitlements, and the second concerned the agency's appointment of personnel without an appropriate security clearance. IAF, Tab 17 at 7. The administrative judge found that the appellant failed to show that either of her alleged disclosures, both of which she made to her U.S. Senator on or about March 15, 2017, were protected. ID at 53-54; IAF, Tab 7 at 80-88, Tab 17 at 7. On review, the appellant does not challenge the administrative judge's findings with respect to her whistleblower reprisal affirmative defense. Nevertheless, we modify the administrative judge's analysis to find that the appellant failed to establish that her OSC and OIG complaints were a contributing factor in her MDR and to vacate the administrative judge's finding that the agency met its burden to prove it would have removed the appellant absent her protected disclosures.

In the appellant's first disclosure, she alleged that the agency violated travel regulations because her supervisor had failed to clarify her travel entitlements and denied her the opportunity to use them, even though the supervisor had allowed others to use the entitlements and had used them herself. IAF, Tab 7 at 80-83, Tab 17 at 7. As noted above, the administrative judge found that this disclosure was not protected, in large part because the agency had offered the appellant the benefits at issue. ID at 53. Additionally, she found that the appellant's assertion that she did not know what was expected of her was disingenuous. *Id.* The appellant also asserted in her disclosure that the agency's offer of HHT benefits violated Federal Travel Regulation 302-5.12, codified at 41 C.F.R. § 302-5.12, because her supervisor required her to report to Fort Belvoir before she would discuss the HHT and the regulation requires that an HHT be completed before the employee reports to the new duty station. IAF, Tab 7 at 83. She further asserted in her disclosure that this meant that her supervisor had no intention of authorizing HHT benefits. *Id.* However, the same

regulation makes clear that an employee's spouse may take a separate HHT also and that the spouse's trip may be completed at a later date. 41 C.F.R. § 302-5.12, *see* 41 C.F.R. § 302-5.9 (providing that a spouse and an employee may make separate house hunting trips). Thus, we agree with the administrative judge that the appellant, a Human Resource Specialist, did not reasonably believe that the offer of HHT violated the regulation. ID at 53.

In her second disclosure, the appellant argued that her supervisor was appointed without the appropriate security clearance. IAF, Tab 17 at 7. The appellant testified that the basis for her belief that wrongdoing occurred was that her supervisor obtained a waiver of the security clearance requirement rather than an interim clearance. HT-1 at 142-49 (testimony of the appellant). She explained that a waiver is only granted to meet a critical need for a certain period of time, during which the employee must obtain the necessary security clearance. *Id.* at 146. The administrative judge found that this disclosure was not protected because the appellant failed to cite any support other than her opinion. ID at 53. We decline to disturb the administrative judge's finding that the appellant failed to articulate a reasonable belief that she disclosed wrongdoing under Federal whistleblowing statutes. ID at 53. As noted above, the appellant does not challenge these findings regarding her alleged protected disclosures on review, and we discern no reason to revisit the issue.

The appellant raised additional alleged protected activity for the first time during the hearing. ID at 22 n.2. She asserted that the agency retaliated against her for an anonymous complaint she made to the agency's Office of Inspector General (OIG) in January 2014. *Id.*; HT-1 at 22-26 (testimony of the appellant). She also asserted that she filed complaints with the Office of Special Counsel (OSC) in January 2014 and in either December 2015 or January 2016. ID at 22 n.2; HT-1 at 104 (testimony of the appellant). The administrative judge did not expressly find that the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9) with respect to her OIG and OSC complaints. ID at 22 n.2.

Nevertheless, she declined to address them further because she found that the appellant failed to prove that any acting agency officials were aware of her activity, and thus did not establish that it was a contributing factor in her removal. *Id.*

Under 5 U.S.C. § 2302(b)(9)(C), it is a prohibited personnel practice to take an action against an employee because that employee "disclos[ed] information to the Inspector General . . . of an agency, or the Special Counsel, in accordance with applicable provisions of law." Thus, we supplement the administrative judge's analysis to expressly find that the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) with respect to her OSC and OIG complaints. Nevertheless, we affirm the administrative judge's determination that the appellant failed to prove that her protected activity was a contributing factor in her removal.

An appellant's protected activity is a contributing factor if it in any way affects an agency's decision to take, or fail to take, a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way an appellant may establish the contributing factor criterion is the knowledge/timing test, under which she submits evidence showing that the official taking the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 63. The administrative judge found that the appellant failed to provide any evidence that anyone at the agency was aware of her protected activity. ID at 22 n.2. The parties do not dispute this finding, and we decline to review it here.

If an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the

proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney*, 117 M.S.P.R. 480, ¶ 15. Because the administrative judge did not address whether the appellant proved contributing factor using the types of evidence set forth in *Dorney*, we modify the initial decision to do so.

The appellant did not submit her OIG or OSC complaints below, nor did she testify regarding the contents of those complaints, including whether the proposing or deciding official, or any other manager responsible for her removal, was named in those complaints, or otherwise had a motive to retaliate against her. The agency put forth strong evidence, in the administrative record and at the hearing, establishing that the appellant failed to comply with the MDR. HR (testimony of the proposing official, testimony of the deciding official); IAF, Tab 7 at 9-116, Tab 8 at 4-96. Accordingly, we modify the initial decision to find that, even considering evidence other than the knowledge/timing test, the appellant failed to meet the contributing factor standard with respect to her protected activity.[5]

*Retaliation for protected EEO activity*

The appellant also alleged that the agency removed her in retaliation for protected EEO activity. IAF, Tab 17 at 9. Her EEO complaints included allegations of reprisal, harassment, the removal of supervisory duties in violation of Title VII, as well as the denial of her request for reasonable accommodations at issue in the instant appeal. ID at 32; IAF, Tab 22 at 29-30; HT-1 at 198-201, 253-54 (testimony of the appellant). Applying the burden-shifting standard set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015)

---

[5] Because we have found that the appellant failed to make a prima facie case of whistleblower reprisal, it is unnecessary to determine whether the agency proved by clear and convincing evidence that it would have taken the action at issue in the absence of her disclosures or activity. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 10. Therefore, we vacate the administrative judge's findings as to whether the agency met its burden to prove that it would have removed the appellant absent her protected disclosures and activity. ID at 54-55.

*overruled in part by Pridgen*, 2022 MSPB 31, ¶¶ 23-25, the administrative judge found that the appellant failed to establish that her EEO activity was a motivating factor in the agency's removal action. ID at 55-57. Title VII of the Civil Rights Act of 1964, as amended, requires that actions "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).

After the initial decision was issued, the Board effectively overruled *Savage* to the extent that it shifted the burden to the agency to disprove discrimination or reprisal. *Pridgen*, 2022 MSPB 31, ¶¶ 20, 22, 30, 40, 42, 47. The Board clarified that an appellant who proves that discrimination or retaliation under Title VII was a motivating factor in the contested personnel action may be entitled to injunctive or other "forward-looking" relief, but to obtain the full measure of relief, including status quo ante relief, compensatory damages, or other forms of relief related to the end result of an employment decision, the appellant must show that discrimination was a "but-for" cause of the action. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 31; *Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 30. "But-for" causation is a higher burden than "motivating factor" causation. *Desjardin*, 2023 MSPB 6, ¶ 31. The motivating factor standard does not apply to claims of reprisal for engaging in activity protected under the Rehabilitation Act of 1973 (Rehabilitation Act) such as the appellant's claim here that the agency retaliated against her for filing EEO complaints alleging denial of reasonable accommodation. *Pridgen*, 2022 MSPB 31, ¶¶ 44-47. Instead, for an ADAAA retaliation claim, the appellant must prove "but for" causation in the first instance. *Id*.

The administrative judge found that the appellant filed EEO complaints between 2014 and 2016, and the proposing and deciding officials were aware of some of those complaints. ID at 56. However, she found that this evidence, in combination with the appellant's assertion that the deciding official "was not nice to her on a couple of occasions," was insufficient to meet the appellant's burden.

*Id.* We agree that this evidence is insufficient to show that the appellant's EEO activity was a motivating factor in her removal for failure to comply with the MDR. ID at 57. Furthermore, because we agree with the administrative judge's determination that the appellant failed to satisfy the lesser of the two standards, she necessarily failed to satisfy the more stringent standard applicable to her Rehabilitation Act retaliation claim and to entitle her to the full measure of relief for her Title VII claim. *Desjardin*, 2023 MSPB 6, ¶ 33.

*Harmful procedural error*

Concerning the affirmative defense of harmful procedural error, to establish her claim, the appellant must prove that the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.4(r). For the following reasons, we agree with the administrative judge that the appellant failed to meet her burden of proving harmful procedural error. ID at 58. The appellant's allegations on this issue all concern the agency's conduct of the MDR, for example, failing to issue her travel orders yet still requiring her to change duty location. IAF, Tab 17 at 9-11. We agree with the administrative judge that any alleged errors were harmless. ID at 58. As noted above, the record reflects that the appellant was offered all of the benefits that she requested in connection with the MDR, i.e., HHT, TQSE, and PCS benefits, and she still declined it. IAF, Tab 8 at 4. The appellant fails to show that she would have accepted the reassignment had she been offered all of the benefits at the outset. IAF, Tab 17 at 9-11; 5 C.F.R. § 1201.4(r). The appellant does not challenge the administrative judge's denial of this affirmative defense, and we discern no basis to disturb her findings.

The agency established a nexus between the appellant's failure to comply with the MDR and the efficiency of the service, and that the penalty was reasonable.

We agree with the administrative judge that the agency established a nexus between the appellant's refusal to accept the MDR and the efficiency of the

service.  ID at 44-45.  Our reviewing court found it "beyond dispute" that such a failure to comply with an MDR "affects the agency's ability to carry out its mission" and therefore bears directly on the efficiency of the service.  *Cobert*, 800 F.3d at 1351 (citations omitted).

Concerning the penalty, the appellant argues on review that that the deciding official improperly considered periods of time during which she was on approved leave in her penalty analysis.  PFR File, Tab 1 at 5, 10-11.  In support of her argument, the appellant cites *Bond v. Vance*, 327 F.2d 901 (D.C. Cir. 1964).  PFR File, Tab 1 at 11.  The U.S. Circuit Court of Appeals of the District of Columbia remanded that case to the Board to reconsider whether removal was the appropriate remedy for an employee's unauthorized absence after the court found a portion of the absence was, in fact, authorized.  *Bond*, 327 F.2d at 902.  As discussed above, the agency was not required to, and did not, use a leave-related charge in the instant appeal.  IAF, Tab 7 at 86.

We agree with the administrative judge that the agency appropriately considered the appellant's absence in the context of other mitigating and aggravating penalty factors.  ID at 44-45; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors relevant to penalty determinations).  For example, the agency concluded that the appellant's absence was an aggravating factor that interfered with the agency's ability to accomplish its mission and also reflected that it was unlikely that she would report for duty.  ID at 44; IAF, Tab 7 at 18-19.  We decline to disturb the administrative judge's determination that removal was within the bounds of reasonableness for failure to accept the MDR.  ID at 47.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Jennifer Everling*

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.